**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 06-cv-02590-WYD-CBS

INNOVATIVE BRICK SYSTEMS, LLC

      Plaintiff,

v.

ARCHITECTURAL POLYMERS, INC.

      Defendant.

---

**ORDER GRANTING JOINT MOTION FOR
ENTRY OF STIPULATED PROTECTIVE ORDER**

---

      The Court, having reviewed the parties' Joint Motion For Entry of Stipulated Protective Order (*doc. no. 41*), and being fully advised in the premises, hereby orders that the motion is GRANTED, and enters the following stipulated protective order on the terms set forth below:

      WHEREAS, to facilitate production and receipt of information during discovery in the above-referenced case, Plaintiff Innovative Brick Systems, LLC ("Innovative Brick Systems") and Defendant Architectural Polymers, Inc. ("Architectural Polymers") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential information that may be produced or otherwise disclosed by them during the course of this action.

      NOW, THEREFORE, Innovative Brick Systems and Architectural Polymers stipulate that the following procedures shall be adopted for the protection of confidential and proprietary information:

1

**DEFINITIONS:**

1.      For purposes of this Order, CONFIDENTIAL INFORMATION means any information that is not generally known and that the "Producing Party" would normally maintain in confidence and not reveal to a third party.  Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any CONFIDENTIAL INFORMATION.

2.      For purposes of this Order, HIGHLY-CONFIDENTIAL INFORMATION means any material or information that the Producing Party considers to contain or constitute trade secrets or other very sensitive confidential information the Producing Party reasonably believes the disclosure of which is likely to seriously harm the competitive positions of the Producing Party.  Any information that is derived from HIGHLY-CONFIDENTIAL INFORMATION also constitutes HIGHLY-CONFIDENTIAL INFORMATION to the extent the derived information embodies, contains, or discloses any HIGHLY-CONFIDENTIAL INFORMATION.

3.      For purposes of this Order, "Producing Party" means a party to this action or any non-party on behalf of which information is furnished or produced during the course of this action.

4.      For purposes of this Order, "Receiving Party" means a party to this action or any non-party to which information is furnished or produced during the course of this action.

5.      The term "documents" shall have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

**DESIGNATION OF INFORMATION:**

6.      It is contemplated that a Producing Party may make available certain of their files for internal inspection by the Receiving Party, which files may contain confidential as well as nonconfidential material, and that following such inspection the Receiving Party will designate documents to be copied and the copies furnished or produced to it.  All documents and their contents made available for such inspection shall be assumed to be HIGHLY-CONFIDENTIAL INFORMATION and shall be treated as such until the Producing Party has had the opportunity to designate and mark the documents selected for production by the Receiving Party as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION according to paragraphs 7-8 hereof.  Any documents not selected for production shall remain HIGHLY-CONFIDENTIAL INFORMATION.

7.      Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be CONFIDENTIAL INFORMATION and wishes to be made subject to this Protective Order, the Producing Party shall mark the document or thing with the following (or similar) legend at the time a copy of it is produced to the Receiving Party:

**CONFIDENTIAL**

On any copy made of such document or thing or any abstract, summary, or memorandum of its contents made by a Receiving Party, the Receiving Party shall place on its face the same (or similar) legend.

8.      Whenever a document or thing produced by any party involves a disclosure of information that the Producing Party deems to be HIGHLY-CONFIDENTIAL INFORMATION and wishes to be made subject to this Protective Order, the Producing Party shall mark the document or thing with the following (or similar) legend at the time a copy of it is produced to the Receiving Party:

**CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**

**OR**

**ATTORNEYS' EYES ONLY**

**OR**

**HIGHLY-CONFIDENTIAL**

On any copy made of such document or thing or any abstract, summary, or memorandum of its contents made by a Receiving Party, the Receiving Party shall place on its face the same (or similar) legend.

9.      If, during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's facilities, or processes of product manufacture, any information learned or documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other provisions of this Protective Order, to comprise or to be HIGHLY-CONFIDENTIAL INFORMATION and shall be treated as such.

10.     Whenever a deposition taken on behalf of any party hereto involves a disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party, the following procedure shall be implemented:

(a)     In advance of or during the disclosure, or upon the conclusion of the deposition, the party whose CONFIDENTIAL INFORMATION is subject to disclosure shall state on the record that the testimony is CONFIDENTIAL INFORMATION and is subject to this Protective Order.  Testimony may be designated CONFIDENTIAL INFORMATION by designating the subject matter of the testimony, or the entire transcript, as being subject to this Protective Order.  The testimony so designated shall be separately transcribed and marked "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER."  Only those persons designated in paragraph 12 hereof or those persons following the procedures set forth in paragraphs 14-17 hereof shall be permitted to listen to or read this testimony.

(b)     In advance of or during the disclosure, or upon the conclusion of the deposition, the party whose HIGHLY-CONFIDENTIAL INFORMATION is subject to disclosure shall state on the record that the testimony is HIGHLY-CONFIDENTIAL INFORMATION and is subject to this Protective Order.  Testimony may be designated HIGHLY-CONFIDENTIAL INFORMATION by designating the subject matter of the testimony, or the entire transcript, as being subject to this Protective Order.  The testimony so designated shall be separately transcribed and marked "HIGHLY-CONFIDENTIAL: ATTORNEYS' EYES ONLY."  Only those persons designated in

paragraph 13 hereof or those persons following the procedures set forth in paragraphs 14-17 hereof shall be permitted to listen to or read this testimony.

(c)     If in addition to the procedures of paragraph (a) and (b), a designation of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION may be made by written notice within 14 days of the receipt by the designating party of the deposition transcript.  All persons with copies of the deposition transcript shall then mark their copies with the above legend.  Until the 14-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as HIGHLY-CONFIDENTIAL INFORMATION covered by this Stipulation and Protective Order.

11.     In the event that any documents, things, or information that have been designated CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION are included with or the contents thereof are in any paper filed with the clerk of the court, such documents, things, or information and related materials shall be filed with the clerk of the court in sealed envelopes.  Pursuant to District of Colorado Local Rule 7.3, the sealed envelope shall be prominently marked with the caption of this case, the title of the paper or document, the name, address, and telephone number of the attorney filing the paper or document, the citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable, and the following (or similar) notation:

**HIGHLY CONFIDENTIAL**

**ATTORNEYS' EYES ONLY**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**DATED _____, 2007**

**Case No.: 06-CV-02590-WYD-CBS**

12.    All material which is designated by the Producing Party as containing or comprising CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution or trial of this action.  Subject to the provisions of paragraphs 14-17 hereof, CONFIDENTIAL INFORMATION may only be disclosed to those persons identified in paragraph 13 hereof and employees of the Receiving Party who are directly involved in this litigation.

13.    All material produced by any party which is designated by the Producing Party as containing or comprising HIGHLY-CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution or trial of this action.  Subject to the provisions of paragraphs 14-17 hereof, HIGHLY-CONFIDENTIAL INFORMATION may only be disclosed to:

(a)    the party who designated the item HIGHLY-CONFIDENTIAL INFORMATION;

7

(b)     a present officer, agent, employee, attorney or Rule 30(b)(6) designee of such Producing Party;

(c)     a witness who is a former officer, director, agent, employee, or attorney of such Producing Party, provided there is a good faith basis for believing the witness may have previously authored or received the HIGHLY-CONFIDENTIAL INFORMATION or a good faith basis for believing the witness may have been involved with the specific matters to which the HIGHLY-CONFIDENTIAL INFORMATION is directed at the time of the events to which the HIGHLY-CONFIDENTIAL INFORMATION is directed (if this provision applies, the HIGHLY-CONFIDENTIAL INFORMATION will be used solely for purposes of examining or cross-examining the witness during a deposition or trial, and the witness will not be permitted to retain any documents or things containing HIGHLY-CONFIDENTIAL INFORMATION unless the witness is otherwise authorized to receive HIGHLY-CONFIDENTIAL INFORMATION);

(d)     a non-party who authored or received the item prior to its production to the other party; the law firms of MERCHANT & GOULD and SHERIDAN ROSS P.C., including their respective support personnel;

(e)     outside independent individuals or businesses employed by counsel as described and limited in paragraphs 14 and 15 hereof;

(f)     mock jurors, focus group members, trial consultants and jury consultants as described and limited in paragraphs 16 and 17 hereof; or

(g)     the Court and its officers.

This provision (and as it applies to all other provisions of this Protective Order) prevents any employee of one party from receiving any HIGHLY-CONFIDENTIAL INFORMATION of another party, unless that person receiving the information satisfies one of sub-paragraphs (a)-(g) of this paragraph.

14.      Before any disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action ("Assisting Party"), such Assisting Party shall be furnished with a copy of this Protective Order and shall execute a written statement under penalty of perjury, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them.  The Receiving Party shall provide to the Producing Party such statement along with a current curriculum vitae from the person signing the statement prior to making any disclosure to the Assisting Party.  For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Protective Order.  If no objection is made by the Producing Party within 10 calendar days after it receives the signed statement and curriculum vitae, the Assisting Party shall be entitled to access the Producing Party's CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION.

15.      If a timely objection is made and the Producing Party seeks relief from the Court within 10 calendar days after the objection, no disclosure shall be made to the Assisting Party

until after the Court resolves the objection.  The burden shall be on the Producing Party to prove the grounds for the objection.

16.     Before any disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached hereto as "Exhibit B" and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

17.     Notwithstanding the provisions of paragraph 16, no disclosure of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall be made by counsel for the Receiving Party to any mock juror, focus group member or the like, if it is known, either through execution of a confidentiality agreement in the form attached as "Exhibit B" or for some other reason, that the individual or the individual's spouse had a past or present employment or consulting agreement, arrangement, or understanding with the Producing Party.  In that event, the Receiving Party will identify the individual and provide to the Producing Party a copy of the signed "Exhibit B" prior to making any disclosure in sufficient time (not less than ten (10) calendar days) for the Producing Party to object.  If objection is made, no disclosure shall be made to the individual until the matter is resolved in the manner set forth in Paragraph 15.

**EXCEPTIONS:**

10

18.     CONFIDENTIAL or HIGHLY CONFIDENTIAL designations shall not apply to:

(a)     any information which at the time of disclosure is available to the public;

(b)     any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the Receiving Party, its counsel, or its independent consultant; or

(c)     any information which the Receiving Party must be able to prove:  (i) was already known to the Receiving Party from legitimate sources, (ii) was independently developed by the Receiving Party, (iii) was obtained from the Producing Party without having been identified as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraphs 22-24 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

Before any CONFIDENTIAL or HIGHLY-CONFIDENTIAL information is excepted from this Protective Order, the Receiving Party must first identify in writing to the Producing Party the specific information to be excepted and the specific reason or reasons for the exception.  If no objection is made by the Producing Party within 10 calendar days after it receives this identification from the Receiving Party, the identified information will be excepted from this Protective Order.  If a timely objection is made and the Producing Party seeks relief from the Court within 10 calendar days after the objection, the identified information will continue to be covered by this Protective Order

11

until after the Court resolves the objection.  The burden shall be on the Producing Party to prove the grounds for the objection.

19.     The receipt of any document, thing, pleading, or response to any interrogatory designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION by a party shall not be construed as an agreement by any party that any such document, thing, pleading, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

20.     The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION.  In the event of any challenge with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, the Producing Party shall substantiate, within seven (7) calendar days of such challenge, the basis for such designation in writing.  The parties shall then attempt to resolve the dispute by negotiation.  If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order.  The information shall be treated in the manner designated by the Producing Party until resolved by the Court.  The burden of proof with respect to any alleged impropriety or incorrectness in the designation of information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION shall rest on the Receiving Party, and such burden shall be substantial.

21.     No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION or HIGHLY-

CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation.

**INFORMATION INADVERTENTLY DISCLOSED:**

22.    If a Producing Party inadvertently discloses to a Receiving Party any document, thing, or information containing information that the Producing Party deems confidential without designating it as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION under this Protective Order.  To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

23.    If the Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, the Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall hereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the Receiving Party will make every reasonable effort to return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of the earliest of (a) discovery by the Receiving Party of the inadvertent production, or (b) receiving a written request for the return of such item or

items of information.  The party having returned such inadvertently produced item or items of information may thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

24.     It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

**TERMINATION OF LITIGATION OR SETTLEMENT:**

25.     Within 90 days of the conclusion or final settlement of this action and any appeal, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, all such CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION; except that Counsel may retain one archival copy of court filings and attorney work-product containing CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, which materials will otherwise remain subject to this Stipulation and Protective Order.  The parties shall notify and

14

advise the producing party whether they plan to destroy or assemble and return to the producing party the CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION AND HIGHLY-CONFIDENTIAL INFORMATION:**

26.     Nothing in the foregoing provisions of the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION OR HIGHLY-CONFIDENTIAL INFORMATION BY NON-PARTIES:**

27.     The production of any CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION by non-parties shall be subject to all the terms and conditions of this Stipulation and Protective Order.  Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION to individuals or businesses other than those specified in paragraphs 12 or 13.

**OBLIGATION OF PARTIES:**

28.     Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

29.     Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION in a manner not specifically authorized under this Stipulation and Protective Order.

IT IS SO ORDERED, with the consent of the parties.


DATED at Denver, Colorado, this 2nd day of April, 2007.

                                        BY THE COURT:



                                        *s/Craig B. Shaffer*
                                        Craig B. Shaffer
                                        United States Magistrate Judge

16

DATED this 29th day of March, 2007.

APPROVED:

_s/ Peter A. Gergely_
Peter A. Gergely

Merchant & Gould PC
1050 Seventeenth Street, Ste. 1950
Denver, Colorado 80265
303/357-1670

**_Attorneys for Plaintiff_**
**_Innovative Brick Systems, LLC_**

_s/ Shawn Leppo_
Harvey Freedenberg
Shawn Leppo
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166

Kevin Opp
Netzorg McKeever Koclanes & Bernhardt LLC
1670 Broadway, Suite 500
Denver, CO 80202

**_Attorneys for Defendant_**
**_Architectural Polymers, Inc._**

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER**

I, _____, state:

       I reside at _____;

       I have read the Protective Order dated _____, 2007 and have been engaged as a _____ on behalf of _____ in preparation and conduct of the litigation between Innovative Brick Systems, LLC v. Architectural Polymers, Inc., Court File No. 06-CV-02590-WYD-CBS, in the United States District Court for the District of Colorado.

       The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: _____

Type of Relationship (e.g., employee): _____

Time Periods: _____

Subject Matter: _____

       I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL INFORMATION or HIGHLY-CONFIDENTIAL INFORMATION are to be returned to counsel who provided me with such material.

       I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

       I consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the Untied States of America that the foregoing is true and correct.

Executed on _____, 2007.

_____
(Signature)

**EXHIBIT B**

**ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER**

I, _____, state:

I reside at _____;

I have read the Protective Order dated _____, 2007 and have been engaged as a _____ on behalf of _____ in preparation and conduct of the litigation between Innovative Brick Systems, LLC v. Architectural Polymers, Inc., Court File No. 06-CV-025990-WYD-CBS, in the United States District Court for the District of Colorado.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: _____

Type of Relationship (e.g., employee): _____

Time Periods: _____

Subject Matter: _____

I am fully familiar with and agree to comply with and be bound by the provisions of said Order.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2007.

_____
(Signature)

20